IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAKEESHA WILSON, | : |
| | :     CIVIL ACTION |
|          **Plaintiff** | : |
| | :     NO. 24-1439 |
| IMMACULATE HOME HEALTHCARE AGENCY, LLC, | : |
| | : |
|          **Defendant** | : |

# ORDER

**AND NOW**, this 2nd day of September, 2025, upon consideration of Plaintiff's Unopposed Motion for Final Approval of the Class Action Settlement (ECF No. 37), and following careful review of the Class Action Settlement Agreement, the Supplemental Declaration of Plaintiff's/Class Counsel's attorney Deirdre Aaron, the Fee Agreement, and all other materials in the record, and following the Fairness Hearing on August 27, 2025, I find as follows pursuant to Fed. R. Civ. P. 23(e)(2) and the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*:

    1. The Class Representative (Plaintiff Wilson) and Class Counsel (Winebrake & Santillo, LLC) have adequately represented the class.

    2. The proposal was negotiated at arm's length.

    3. After taking into consideration the costs, risks and potential delay posed by trial and appeal, the effectiveness of the proposed method for distributing relief to the class, the terms and timing of the proposed award of attorney's fees, and any and all agreements requiring the parties seeking approval to file statements identifying any agreements made in connection with this settlement, the relief provided for the class in the settlement is adequate.

    4. The settlement treats class members equitably relative to one another.

5.  The settlement also resolves a bona fide dispute under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* (FLSA), is fair and reasonable for the employees who have opted in to the class, and furthers the implementation of the FLSA in the workplace.[1]

**WHEREFORE**, it is hereby **ORDERED**:

1.  The settlement class comprised of Lakeesha Wilson and all other individuals who, during any time between April 5, 2021 and August 31, 2024 were employed by Defendant as hourly home care workers and were credited with working over 40 hours during any week and who are identified in Exhibit A to the Settlement Agreement is **CERTIFIED.**

---

[1]   Typically, courts apply the same factors in both class actions and collective actions in evaluating the internal factors of fairness and reasonableness.  These are: (1) the complexity, expense and likely duration of the litigation, (2) the reaction of the class to the settlement, (3) the stage of the proceedings and the amount of discovery completed, (4) the risks of establishing liability, (5) the risks of establishing damages, (6) the risks of maintaining the class action through trial, (7) the ability of the defendants to withstand a greater judgment, (8) the range of reasonableness of the settlement fund in light of the best possible recovery, and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.  Rodriguez v. Pyramid Operating Grp., Inc., Civ. No. 20-1207, 2023 U.S. Dist. LEXIS 45037 at *6 -*7 (E.D. Pa. Mar. 17, 2023)(citing Girsch v. Jepson, 521 F.2d 153, 157 (3d Cir. 1975)).

   I find these factors militate in favor of a finding of reasonableness.  For one, discovery in this matter was able to be taken quickly and at an early stage of the litigation, thanks in large part to the parties' mutual cooperation.  It revealed that the plaintiff class was not a particularly large one and that their damages (unpaid overtime wages) totaled an amount that was nearly equivalent to the total amount of the settlement.  Further, each of the plaintiffs will receive an amount which nearly equates to the amount they are owed.  If not for the parties' cooperation with one another, professionalism and willingness to engage in discovery and settlement discussions at an early stage, this matter could well have been far more expensive and taken a much longer time to litigate with additional risks to both parties.  Under Girsch, the settlement is reasonable.  And, in calculating the lodestar fee, I find that had class counsel charged for the amount of actual time spent and the expenses it advanced, it would be entitled to be paid $55,937.36.  Accordingly, I find payment in the amount of one-third of the settlement for a total of $10,000 to Winebrake & Santillo to also be a reasonable fee.  See generally, Ginter v. Ridgewood Energy Corp., 223 F.3d 190, 194, n.1 (3d Cir. 2000).  For all of the reasons outlined above, the settlement is approved.

2. The Settlement is **APPROVED** as fair, reasonable and adequate under the criteria set forth in Fed. R. Civ. P. 23(e)(2).

3. The release of the Fair Labor Standards Act (FLSA) claim is **APPROVED** as a fair and reasonable resolution of a bona fide dispute which furthers the FLSA's implementation.

4. The law firm of Winebrake & Santillo, LLC is **APPOINTED** to serve as Class Counsel.

5. The payment of $10,000 from the total settlement fund to Class Counsel for all attorney's fees and costs associated with this action is **APPROVED.**

**BY THE COURT:**

*/s/  Mitchell S. Goldberg*
_____
**Mitchell S. Goldberg,       J.**